| 80 | 249 |
| 84 | 362 |

## GAZOLA *v.* SAVAGE.

### Opinion delivered October 8, 1906.

1. HOMESTEAD—ABANDONMENT.—Evidence that a debtor, entitled to claim certain land as a homestead, was living elsewhere on account of the destruction of the home by fire and that, though she had rented the land for a term of five years, she reserved the privilege of retaking it whenever she was ready to rebuild, and intended to rebuild as soon as she could arrange her business to do so, justified a finding that she had not abandoned the homestead. (Page 251.)

2. APPEAL—CONCLUSIVENESS.—The circuit court's finding will not be set aside on appeal if it is supported by substantial evidence. (Page 252.)

Appeal from Monroe Circuit Court, *George M. Chapline,* Judge; affirmed.

*C. F. Greenlee,* for appellant.

1. The homestead is limited as to quantity and value, and must be owned and occupied as a residence. Kirby's Digest, § 3900; art. 9, § 5, Const. It appearing by the evidence that the lot contained more than one-fourth of an acre, it was incumbent on appellee to show that it did not exceed $2,500 in value.

2. Appellee, as appears by the evidence and her acts, has abandoned her homestead rights in the premises. A homestead necessarily includes the idea of residence. Thomp. H. & Ex. § 100; 57 Ark. 181. Mere intention is not sufficient where the land is not in actual occupancy; the intent must be accompanied with such acts of preparation and improvement of the property as to manifest beyond a doubt the intention to reside upon the place as a home. 28 S. W. 52; 15 S. W. 117; 25 S. W. 445; 40 S. W. 1046; 60 Ark. 262.

*M. J. Manning,* for appellee.

A homestead, once established in good faith, is not forfeited by temporary residence elsewhere. 22 Ark. 400; 41 Ark. 309; 37 Ark. 283; 48 Ark. 539; 55 Ark. 55; 56 Ark. 621.

McCULLOCH, J. Appellant, John Gazola, recovered a judgment against appellee, Mrs. M. J. Savage, on May 28, 1897, in the circuit court of Monroe County for the sum of $605.42, and on August 29, 1904, caused execution to be issued thereon, which was by the sheriff levied upon a lot owned by appellee in the city of Brinkley. Appellee claimed the lot as her homestead, and filed her schedule of exemptions with the clerk of the court, who issued a supersedeas, staying the sale under execution. Appellant presented to the circuit court at the next term his motion to quash the supersedeas, which motion was denied, and he appealed to this court.

Appellee is a married woman, and formerly occupied the property as a homestead. The lot had a building thereon which appellee occupied as a residence and kept a hotel or boarding house therein for about nineteen years. The building was destroyed by fire in the fall of 1900 or spring of 1901, while she so occupied it, and she has not since resided upon the lot, but has resided in another house owned by her son in Brinkley. In the year 1903 she leased the lot for a term of five years to one Kelly, who built three houses thereon for business use. These are inexpensive wooden and iron buildings, and Kelly testified that his contract provided that he could remove the buildings at the end of the term, and that, if appellee desired to build a house upon the lot at any time and would pay him for his improvements, he would surrender possession to her. He also testified that he

tried to purchase the lot from appellee, but that she declined to sell, saying that she expected to build there and move back on the property.

Appellee testified that she never abandoned her homestead claim, but intended to return to the property and rebuild her home as soon as she could arrange her business so as to do it, and had reserved the privilege, in her contract with Kelly, of taking the property back at any time she was ready to rebuild. She refused repeated offers to purchase made by various persons, giving at the time as a reason her intention to rebuild a home on the lot.

The trial court made the following finding: "That Mrs. M. J. Savage is, and was at the date of the judgment, the head of a family and a citizen of the State of Arkansas, and resident of Monroe County; and, prior to the burning of the property situated on the land described in the motion, she had resided and had her residence for more than 15 years, residing thereon with her children; that when the property burned she took up her residence temporarily with a son, living in the town of Brinkley; that she intended to return to and make her future home upon said land. Court finds the property was characterized as her homestead, and that she never left it with the intention of not returning. The court holds the property exempt from seizure and sale under execution issued herein, and overrules motion to quash supersedeas."

Is the evidence sufficient to sustain the court's conclusion?

In *Newton* v. *Russian,* 74 Ark. 88, we said: "It is settled by the repeated decisions of this court that a temporary removal and absence from the homestead for the purposes of business, health or pleasure, without actual intention to abandon the same, will not displace the homestead right. [Citing cases]. *A fortiori,* an enforced temporary absence on account of the destruction of the dwelling house will not operate as an abandonment. Nor will such absence, under those circumstances, raise a presumption of abandonment unless continued for such length of time as to negative any intention to return."

The lease given by appellee to Kelly would have raised a presumption of abandonment but for her express reservation of the right to pay for the improvements made by him and resume oc-

cupancy of the premises at any time that she might desire to rebuild her home. Such reservation tended to negative any intention to permanently abandon the homestead, and we think there is abundant evidence to sustain the court's finding that appellee did not intend to abandon the homestead.

Where there is substantial evidence in support of the finding of the trial court, the same will not be set aside by this court on appeal. *Robson* v. *Tomlinson*, 54 Ark. 229; *Schuman* v. *Sanderson*, 73 Ark. 187.

Finding no error in the proceedings, the judgment is affirmed.