## WILLIAMS *v*. CANTWELL.

### WILLIAMS *v*. TUCKER.

### Opinion delivered October 26, 1914.

1. TRIAL—EXAMINATION OF VENIREMEN—IMPROPER QUESTIONS—DISCRETION OF COURT—ERROR.—A trial judge is clothed with much discretion in determining what questions may be asked by an attorney of veniremen in their *voir dire* as a basis for challenging them; but this discretion is subject to review, and in an action for damages for personal injuries, if it appears that the attorney's real purpose is to call unnecessarily the attention of the jury to the fact that the defendant is insured against liability, such action should be promptly stopped by the court, and where it appears that prejudice to the defendant's rights result therefrom, the judgment against him will be reversed on appeal.

2. TRIAL—IMPROPER CONDUCT OF COUNSEL—PREJUDICE.—In a personal injury case, it is prejudicial error to permit counsel for plaintiff to unnecessarily advise the jury, by questions and otherwise, of

the fact that defendant carries indemnity insurance, and will not have to pay any judgment rendered against him.

3. TRIAL—IMPROPER CONDUCT OF COUNSEL—PREJUDICIAL ERROR.—In a personal injury case, where the evidence would warrant a verdict either way, and under the facts the jury awarded substantial damages, the error committed by the court in permitting counsel for plaintiff to unnecessarily call the jury's attention to the fact that defendant carried indemnity insurance, and would not have to pay any judgment rendered against him, will be held to have been prejudicial, and to call for a reversal of the case.

4. EVIDENCE—CONTRADICTING OWN WITNESS.—Where a witness is present and testified at the trial, it is not error to introduce his deposition formerly taken, which is more favorable to the party introducing him than his oral testimony, and which tends to contradict the testimony given at the trial.

5. EVIDENCE—EXPERT TESTIMONY—DEPOSITION.—In a case where the testimony of an expert witness is admissible, such testimony, although taken on deposition, is admissible, when the questions propounded fairly reflect the evidence in the case and the opinion is responsive to the facts proved.

Appeal from Cleburne Circuit Court; *George W. Reed*, Judge; reversed.

STATEMENT BY THE COURT.

The appellees were engaged as engineer and fireman by the appellant, and at about 7:30 o'clock on the morning of the 18th day of January, 1912, they rode in one of the appellant's engines over a tramway, which was used in connection with appellant's saw mill, and in crossing a bridge in said tramway spanning a creek near Leslie, Arkansas, the bridge gave way at or near its center and the engine fell into the creek, a distance of about 16 feet. Each of the appellees sustained some personal injury, about the nature and extent of which there was a sharp conflict in the evidence, and they sued for and recovered judgment for these injuries. It was alleged by them, and the proof tended to show, that the accident was caused by the negligence and carelessness of the appellant in failing to properly construct, and in failing to properly inspect and repair, the bridge through which their engine fell.

Appellant, in his answer, alleged that the bridge became unsafe by reason of excessive rains which had re-

cently fallen, and stated the fact to be that the injury was occasioned by the contributory negligence of the appellees in failing to inspect the bridge; and there was also a plea of assumption of risk.

Separate suits were brought and separate recoveries had in each case, and separate appeals have been prosecuted from the respective judgments; but the questions involved in each of the cases are substantially identical and the cases have, therefore, been considered by us together.

The appellee, Cantwell, recovered a judgment for $750, and the appellee, Tucker, recovered a judgment for $625, and there was evidence offered in their behalf which would have supported even a larger recovery; but, on the other hand, there was evidence to the effect that neither of them sustained any serious injury and that they were both able to return to their work within a few days.

The wreck occurred and the suits were brought in Searcy County, but upon motion of appellees the venue was changed to the Cleburne Circuit Court, and the action of the court in making the order changing the venue is assigned as error; but that point is not pressed in the brief.

The record recites that at the trial substantially the following occurrences took place: Before the beginning of the selection of the jury to try the case, Judge E. G. Mitchell, of counsel for appellees, asked Mr. T. D. Wynne, who was the attorney present representing the appellant, if he was not the attorney for and representing the Home Life and Accident Insurance Company, which question was asked out of the presence and hearing of any of the veniremen who were serving at that term of the court. Upon the refusal of Mr. Wynne to answer this question, the following proceedings were had in the presence of the veniremen from whom the jury was examined and empaneled to try the cause and in open court: Judge Mitchell addressed the court and said: "Your Honor, this gentleman here (indicating Mr.

Wynne) in my opinion and information, does not repre-sent H. D. Williams, but represents an insurance company for H. D. Williams, and for the purpose of inquiring from the gentleman, and for that purpose only, as to whether he is representing the insurance company, I am asking, in good faith, who his client is, and I ask you, as you did for me, and as the Supreme Court upheld you in doing, to require him to state who he represents.''

Mr. Wynne, of counsel for defendant, objected and excepted to the foregoing statement being made by Mr. Mitchell in the presence and hearing of the veniremen.

The court thereupon stated to Mr. Wynne that he would have to answer said question before he would be permitted to proceed with the trial of the cause, and Mr. Wynne was thereupon compelled to state, in the presence of all the veniremen, in open court, that he was the attorney for the Home Life and Accident Insurance Company, but at the time he objected to the action of the court in compelling him to so state, and saved his exceptions to the action of the court.

The examination of the veniremen was thereupon proceeded with, and Judge Mitchell, in examining said veniremen upon their *voir dire* as to their qualifications to serve as jurors in the cause, asked each of them if he was in the employ of the Home Life and Accident Insurance Company, and, upon his answering said question in the negative, the court further permitted the said attorney to ask each of said veniremen if they, or either of them, expected to be employed by the Home Life and Accident Insurance Company, and if they were in the employ of any accident insurance company; and proper exceptions were saved to this action of the attorney.

Appellant complains of the action of the court in permitting counsel for appellees, after he had put one W. C. Nichols upon the witness stand as a witness on behalf of appellees, to read from a certain deposition which had been previously given by the said W. C. Nichols, but which had never been filed, if he, the said W. C.

Nichols, had not made certain statements which were there read to him and which were contradictory of statements which he had made at the trial; and a similar objection was made to the use of the deposition of a witness named Dodson.

Appellant also complains of the action of the trial court in permitting counsel for appellees to read the deposition of J. J. Johnson, a physician, in which various hypothetical questions were asked him and the opinion of the witness given in response thereto; it being insisted that there was no foundation upon which to predicate the hypothesis upon which the witness' opinion was taken.

It is also urged that the verdict of the jury is excessive, but, as we have said, that question is concluded by the verdict of the jury.

*Wynne & Harrison,* for appellant.

1. It was reversible error to permit the attorney for the plaintiff, in the presence of the jury, to question the attorney for the defendant is regard to his connection with the case, and thereby, to advise the jury that an insurance company would be held responsible for any amount the jury might assess against the defendant as damages; and to permit the attorney for plaintiff to ask the jury on their *voir dire* if they were in the employ of the Home Life and Accident Insurance Company, etc. 104 Ark. 1; 187 N. Y., 128; 79 N. E. 854; 28 Am. & Eng. Ann. Cas. 358 and footnotes; 86 S. W. 616; 84 S. W. 1100; 84 S. W. 352; 142 S. W. 959; 154 S. W. 1070.

2. The court erred in permitting plaintiff's attorney to read to the jury the deposition containing a hypothetical question and the answer of Doctor Johnson thereto. Jones on Evidence, 463, and cases cited in notes; *Id.* 471; 36 Ark. 117.

3. It was error to permit plaintiff's attorney to impeach his own witness. 68 Ark. 587.

*E. G. Mitchell,* for appellees.

1. Counsel for plaintiff acted within his rights for the protection of his client's interests in pursuing the course objected to by appellant. He acted in good faith, was careful not to *unnecessarily* call attention to the matter of insurance, and limited his inquiry to the one purpose. 104 Ark. 1, 9; 74 Pac. 635, 637; 95 N. W. 1079; 93 N. W. 284; 101 Pac. 368; 110 Pac. 528; 92 Pac. 856.

2. It was not error to allow the deposition of Doctor Johnson, containing the hypothetical question and answer, to be read. There was sufficient foundation in other evidence introduced to permit its being read. 87 Ark. 243, 294; 36 Ark. 117.

3. Appellee's counsel had the right, when the witness, Dodson, answered a question in such a way as to contradict a former statement he had made on the same point, to question him in regard to his former statement, not for the purpose of contradicting him, but to refresh his memory. Kirby's Dig., § 3137; 42 Ark. 542, 553; 104 Ark. 327, 340; Jones on Evidence (2 ed.), § 854.

SMITH, J., (after stating the facts). It is earnestly insisted that counsel for appellees committed prejudicial error in his conduct before the court in interrogating counsel for appellant in regard to his connection with the case and in the examination of the jurors upon their *voir dire;* and we agree with this contention.

The authority of the attorney and the duty of the trial court in such matters was recently considered by this court in the case of *Pekin Stave & Mfg. Co.* v. *Ramey,* 104 Ark. 1, in which case Mr. Justice Frauenthal, speaking for the court, said:

"If counsel for plaintiff honestly and in good faith thinks that any of the veniremen is in any way connected with a casualty company insuring the defendant against loss for the injury complained of in the case, he can ask the jurors on their *voir dire* relative to this. If, however, his real purpose is to call unnecessarily the attention of the jury to the fact of the insurance, and thereby to prejudice them against the defendant's rights then this would be clearly an abuse of this privilege, and

should be promptly stopped by the trial judge. In case it appears that prejudice to the rights of the defendant does result therefrom, it would call for a new trial or a reversal of the judgment on appeal. In an action by a servant against his master for damages growing out of a personal injury, it is improper for the jury to take into consideration the fact that the defendant is indemnified against accident to his employees. Evidence of such fact could throw no light upon the issue involved in the case, and would be wholly incompetent. 2 Labatt, Master and Servant, § 826.''

(1-2) It is, of course, true that the trial judge must be clothed with much discretion in determining what questions may be asked veniremen by an attorney or veniremen on their *voir dire* as a basis for challenging them. But that discretion is subject to review and, as stated in the case above cited, if it appears that the attorney's real purpose is to call unnecessarily the attention of the jury to the fact that a party to the litigation is insured against liability, such action should be promptly stopped by the trial judge and, where it appears that prejudice to the rights of the defendant results therefrom, the judgment must be reversed on appeal. And we are of the opinion that this inquiry was unnecessarily pursued in the present cases. It will be observed that the attorneys in the case cited are the same attorneys who were engaged in the trial of the present cases, and appellee's attorney appears to have known, not only that Mr. Wynne did represent an insurance company, but to have known the particular company which he represented, and his speech before the court, as well as his questions to the jurors, appears to us to have unnecessarily advised the jurors of the fact that appellant was insured against liability and that he would not be required to pay any verdict which they might render against him. Information as to any juror's connection with any insurance company could have been obtained in a less dramatic manner by asking each of the jurors if he represented or was connected with any casualty company insuring employers

against liability, or if he was connected with any insurance company, or any other proper question which might have tended to disclose whether any juror had any bias or prejudice likely to influence his verdict one way or the other; and had any juror answered that he was so connected with any such insurance company it would not have been improper to have permitted a more minute inquiry of such juror. But no such necessity appears to have existed in this case, and the purpose and effect of counsel's remarks addressed to the court and his questions to the jurors appear to have been to advise the jury that appellant was insured against liability in the Home Life and Accident Insurance Company and would not have to pay any judgment for damages which they might render against him.

(3) It is insisted that no prejudice resulted from the action of counsel even though his conduct was improper, as very small verdicts were rendered in each of these cases. But these verdicts were, by no means nominal. Upon the contrary, they were substantial, and, while it is true that one view of the evidence might have authorized even larger verdicts than were returned, it is yet true that, according to another view of the evidence, the verdicts were grossly excessive for the trifling injuries which appellees sustained, according to that view of the proof. In the opinion of the court, this is a proper case in which to hold that counsel overstepped the bounds of propriety.

The court gave numerous instructions in the cases, and error is assigned in the action of the court in giving and refusing instructions. But we think that the instructions, when read as a whole, fairly and properly present the questions of fact for submission to the jury.

(4) We think the court committed no error in permitting counsel for appellees to read from the depositions of the witnesses, Nichols and Dodson. It is true these witnesses were sworn in behalf of the appellees, but they made certain statements at the trial which apparently were in conflict with statements contained in

their depositions, and as the statements made at the trial were damaging to appellees' theory of the case they had the right to contradict them by proof of prior statements. The rule in such cases is stated in Jones on Evidence (2 ed.), § 854, which reads in part as follows:

"Although the weight of authority sustains the view that a party can not prove the contradictory statements of his own witness to discredit him, yet the party is not wholly without remedy, if surprised or deceived by the testimony. In such a case, he may interrogate the witness in respect to previous statements inconsistent with the present testimony, for the purpose of proving his recollection. He may, in this way, show the witness that he is mistaken, and give him an opportunity to explain the apparent inconsistency." Besides, the statute provides that while a party producing a witness is not allowed to impeach his credit by evidence of bad character, unless it was in a case in which it was indispensable that the party should produce him, he may contradict him with other evidence, and by showing that he has made statements different from his present testimony. Section 3137, Kirby's Digest.

(5) We think no error was committed in permitting appellees to use the depositions of the witness, Doctor Johnson and to read in evidence the hypothetical question in response to which he had expressed an opinion as to the extent and severity of the injuries sustained by appellees. It is true that these depositions were taken before the trial and that, therefore, no witness had testified to the statements contained in the hypothetical question; but this is necessarily true in any case if the evidence of an expert witness is ever to be taken by deposition. Of course, at the trial the court must say whether or not there is sufficient evidence before the jury to permit an expert witness to express an opinion. If, at the trial, when the deposition is read, there is no proof of the facts recited in the hypothetical question, then, of course, such question should be excluded as abstract. The requirements in regard to hypothetical questions were

thoroughly considered in the case of *Taylor v. McClintock,* 87 Ark. 243, in which case the rule upon this question was announced as follows:

"Hypothetical questions must fairly reflect the evidence, and unless they do, the resultant opinion evidence is not responsive to the real facts, and can have no probative force. *Quinn* v. *Higgins,* 24 N. W. 482. The hypothetical case must embrace undisputed facts that are essential to the issue. In taking the opinion of experts, either party may assume as proved all facts which the evidence tends to prove. The party desiring opinion evidence from experts may elicit such opinion upon the whole evidence, or any part thereof, and it is not necessary that the facts stated, as established by the evidence, shall be uncontroverted. Either party may state the facts which he claims the evidence shows, and the question will not be defective if there be any evidence tending to prove such facts."

The trial court should exclude any expression of opinion which is not predicated upon the evidence before the jury, but the enforcement of this rule does not require the exclusion of the opinion of an expert as stated in a deposition taken before the trial, if that opinion is based upon an hypothesis which assumes the existence only of such facts as have been testified to at the trial.

For the error indicated the judgment will be reversed and the cause remanded for a new trial.

Mr. Justice KIRBY dissents.