PEOPLE'S BANK OF SEARCY *v.* BROWN.

Opinion delivered May 6, 1918.

1.  APPEAL AND ERROR—REVIEW—FINDING OF COURT.—The finding of the circuit court sitting as a jury on an issue of fact will not be disturbed on appeal where there is evidence legally sufficient to sustain it, even though the finding appears to be contrary to the preponderance of the evidence.

2.  HOMESTEAD—CHARACTER OF LAND—SUFFICIENCY OF EVIDENCE.— Evidence *held* sufficient to sustain the trial court's finding that certain land on which execution was levied was the homestead of the judgment debtor.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; affirmed.

*Brundidge & Neelly,* for appellants.

The evidence is clear that Brown had abandoned the homestead. 101 Ark. 103; 103 *Id.* 576; 126 *Id.* 541.

*Emmet Vaughan,* for appellee.

1. The property was clearly appellee's homestead and there was no abandonment. The finding of the court is sustained by the evidence. He had the right to offer it for sale, or sell it. The wife's property was her separate property and she charged rent for it. 126 Ark. 541; 117 *Id.* 492; 107 *Id.* 281; 101 *Id.* 103; 73 *Id.* 174; 55 *Id.* 55; 48 *Id.* 539; 41 *Id.* 309; 37 *Id.* 283; 22 *Id.* 400; 179 S. W. 995.

2. The finding of the court is not against but sustained by the evidence. 107 Ark. 281.

Wood, J. The appellant had obtained judgment against the appellee. Execution was issued and placed in the hands of the sheriff who levied upon certain lots in the city of Searcy, Ark. Appellee claimed the property as his homestead.

The appellee testified that the property was his homestead; that he was now living in Des Arc, where he moved in September, 1915; he lived on the place in Searcy from March, 1914, until September, 1915. Appellee was a married man with one child. His wife and child lived with him. He expected to return to the home in Searcy about October 1st, of the coming year. The property in Searcy was then occupied by one McCain. Appellee had expected to move about June 8th and had notified his agent at Searcy to so inform the tenant. Appellee had lived at Des Arc eight or ten years, then went to Searcy to work for Mr. Yarnell by the month. In three or four months after going out of business at Searcy he went back to Des Arc where he has been living ever since. Appellee was asked if he had not testified before the clerk with whom he had filed his schedule

that he had moved back to Des Arc permanently with the intention of making that his future home and he answered that he did not remember that he had so testified. He was asked what the truth was concerning the matter, and answered that he did not know what he was going to do, that he wanted to get the judgment of the People's Bank against him and Yarnell straightened up in some way. Appellee was asked if his wife did not own a home in Des Arc, and if he did not testify before the clerk that he went back to Des Arc and built a home there in his wife's name, and he answered that his wife owned some property and he did not build a home there in his wife's name; that his wife had bought a place in Des Arc since she had been back there. Appellee prior to that time had conveyed all of his property in Des Arc to his wife. He stated that his wife had a home at Des Arc; that he had been living there about twelve months. He was asked if he did not testify before the clerk that he had no intention of coming back to Searcy and answered that he did not remember that he ever did. Appellee stated that he had been offering to sell his home at Searcy for $2,500, had advertised in the papers for sale and would have sold it if he could have obtained that price and bought another cheaper home; he was intending to move back to it if he couldn't sell it; if he could have sold the place, he would have bought a cheaper home in Des Arc and remained there, and he so testified while his schedule was pending before the clerk. Appellee testified that he had no intention for a year or more to move back to Searcy; did not know what business he was going into.

Appellant introduced testimony tending to prove that, after the execution had been issued and the lots in controversy had been levied upon, appellee wrote his agent at Searcy that he intended to move back to Searcy. In one of his letters he said, "I have a serious notion of moving back to Searcy sometime in January next, but I can not say yet for sure." In another letter he stated among other things, "I will wait until October 1st to

move, but I am sure going to move then as I think that I can get into something up there that I can make a living out of." The agent of appellee testified that appellee had the property in controversy advertised for sale until the time the execution was levied upon it. The agent's understanding with appellee was that he should sell the property if he could get as much as $2,500. The agent had an offer of $2,000 or $2,200 and the appellee declined to take it. The appellant also introduced testimony to contradict the testimony of the appellee and to the effect that the appellee testified before the clerk, when the schedule of exemption of his property was pending before him, that he had no intention of making Searcy his home again, and that when he left Searcy he went to Des Arc with the intention of making it his permanent future home.

The trial court upon substantially the above facts rendered judgment in favor of the appellee, from which is this appeal.

It is the well established rule of this court that the finding of the circuit court, sitting as a jury, on an issue of fact will not be disturbed where there is legally sufficient evidence to sustain the same, even though such finding appears to be contrary to the preponderance of the evidence. *Harris* v. *Ray,* 107 Ark. 281.

The finding here is sustained by legally sufficient evidence, and the judgment is therefore affirmed.