ELLIS & LEWIS *v.* WARNER.

Opinion, delivered November 3, 1930.

*Chas A. Walls,* for appellant.

*Trimble, Trimble & McCrary* and *Reed & Beard,* for appellee.

McHANEY, J. This is the second appeal of this case. See *Ellis & Lewis* v. *Warner*, 180 Ark. 53, 20 S. W. (2d) 320, where the facts, which are substantially the same on this appeal, and the conclusions of law reached therein, are fully stated. We deem it unnecessary to repeat the facts here. On the former appeal the case was reversed and remanded for a new trial. Another trial resulted in a verdict and judgment for appellee. For a reversal of the case on this appeal it is first urged that the court committed reversible error in permitting counsel for appellee to inform and advise the jury that appellants carried liability insurance while it was being selected to try the case. The question arises in this manner: When the case was called for trial, both sides announced ready. Counsel for appellee stated to the court in the absence of the jury that they had information that appellants carried liability insurance, and they desired to ask counsel for appellants whether he represented them, or the insurance company, or both. Whereupon counsel stated that he represented both Ellis and Lewis and the United States Fidelity & Guaranty Company, with whom appellants carried liability insurance. Counsel for appellee then stated that they desired permission to ask some of the jurors some questions touching their connection, if any, with the United States Fidelity & Guaranty Company. The court permitted such questions to be asked over the objections and exceptions of appellants. When the regular panel of the jury was called the court permitted one of the jurors, Mr. John C. Bradford, to be asked, over appellants' objections and exceptions, these questions: "Do you represent or are you connected with the United States Fidelity & Guaranty Company?" "Do you write any insurance for that company?" "Do you or your people write any insurance for them?" All of these questions were answered in the negative. The court permitted these questions to be asked under the authority of *Cooper* v. *Kelly*, 131 Ark. 6, 198 S. W. 94, and *Williams-Echols Dry Goods Co.* v. *Wallace*, 142 Ark 363, 219

S. W. 732. Counsel for the appellants insist that the two cases above mentioned are distinguishable from the case at bar, and that it is controlled by the case of *Williams* v. *Cantwell*, 114 Ark. 542, 170 S. W. 250. In *Cooper* v. *Kelly*, *supra*, the court reviewed its former decisions in *Pekin Stave & Mfg. Co.* v. *Ramey*, 104 Ark. 1, 147 S. W. 83, and *Williams* v. *Cantwell*, *supra*, and distinguished them from the case then under consideration. The court said: "In those cases it was manifest that the conduct of the attorney representing the successful party and the rulings of the court were well calculated to impress on the minds of the jury that the attorney ostensibly appearing for the defendants in the respective cases was not really their attorney, but was an attorney for an indemnity insurance company that had insured the defendants against any loss that they might sustain on account of such accidents as were therein complained of, and that the defense was really being made for the benefit of such indemnity company or companies. In both of those cases it is expressly recognized that it is within the province of an attorney representing a plaintiff to question veniremen concerning their relation to any casualty company whom the attorney might know or might honestly believe to have insured the defendant against loss for the injury which the plaintiff had sustained at the hands of the defendant." The court further held in that case that trial courts have a wide discretion in permitting questions to be asked jurors touching their competency, and that this court will not reverse on such grounds unless there is an abuse of discretion. In that case counsel for appellee asked one juror on his *voir dire* whether or not he represented any accident or casualty insurance company, another whether he was under any obligation or was the agent of such company, and others were asked, "Do you know of any accident company or of any agent of such company that has any influence or control over you in the city of Hot Springs?" All of which questions were answered in the negative. Many other questions

were asked concerning insurance companies, all of which were answered in the negative, but this court held that the court did not abuse its discretion in permitting same to be asked over objections of appellant. In the Williams-Echols Dry Goods Co. case, *supra*, the court again followed *Cooper* v. *Kelly* and held that where counsel had reason to believe 'that an insurance company was interested in the result of the action, it was not improper to permit counsel to ask prospective jurors concerning their connection with liability insurance companies. In this case only one juror was questioned as above indicated, and there was nothing in the record to disclose that counsel for appellee was not acting in good faith in asking the questions to determine whether the juror had any bias or prejudice for or against either party. We think this case falls clearly within the rule announced in the cases above cited, and that no error was committed in this regard.

It is next insisted that the court permitted an issue to be tried which was not joined by the pleadings, to-wit: Whether appellants were negligent in employing Cooper to operate the truck in hauling gravel. The complaint is the same in this case as it was in the former trial, no additional pleadings being made by either side. Appellee alleged that Jack Cooper, the driver of the truck that injured him, was an employee of the appellants, and negligently ran his truck against him, causing the injuries complained of. Appellants defended then and now on the ground that Cooper was an independent contractor, was not their employee, for whose acts and negligence they were in no way responsible. In the former case appellants asked the trial court to declare as a matter of law that Cooper was an independent contractor and to instruct a verdict in their favor, which the court refused to do. It then asked the court to submit the question as to whether Cooper was an independent contractor to the jury, which the court refused to do. We held on the former appeal that the court did not err in refusing to

declare as a matter of law that Cooper was an independent contractor, but that it was a question for the jury, and that the court did err in not submitting it to the jury. We there said: "Even though the jury should find that this relationship did exist, still appellant might be held liable, if the jury should further find that appellants were negligent in employing Cooper as an independent contractor to do this work. He was only seventeen years old, was driving rapidly in loose rock over an important highway, which appellants knew—one much used by the public, and which the public had the right to use. The jury would or should take into consideration all the facts and circumstances in the case in determining this question." On the retrial of the case, from which this appeal comes, the court submitted this question to the jury under instructions 1, 2, 3 and 4. We do not think a new question has been injected into the case which is not covered by the pleadings. As above stated, appellee sued on the theory that Cooper was an employee, and the defense was interposed that he was an independent contractor. In our former opinion we quoted from 3 Elliott on Railroads, 3d Ed., § 1407, p. 70, stating the general rule to be that: "When an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the company, if it is not negligent in selecting the contractor, is not liable," etc., so in submitting the case to the jury it was proper for the court in announcing the rule relative to independent contractors to submit the question as to whether the employer was negligent in selecting the contractor. This might be done in one instruction or in separate instructions. In this case the court submitted the question on instructions separate from the definition of an independent contractor. We think no error was committed in this regard. It is further said that the instructions on the subject given by the court are conflicting and contradictory. We have examined them carefully and do not think the jury could have been misled. The instructions announced correct

principles of law in accordance with our former holding in this case.

It is next said that the court should have told the jury as a matter of law that Cooper was an independent contractor for whose acts appellants were in no way responsible, and that appellee was guilty of contributory negligence. Both of these questions were considered on the former appeal and decided adversely to appellants' contentions, and since the evidence in the case on this trial is substantially the same as in the former, the decision of the court on the former appeal becomes the law of the case, and appellants' contentions in this regard must be overruled.

We find no error, and the judgment is affirmed.