Harrison *v.* Rosensweig.

Opinion delivered March 7, 1932.

*Arthur D. Chavis,* for appellant.

*Reinberger & Reinberger,* for appellee.

McHaney, J. An execution from the Pine Bluff Municipal Court on a judgment in favor of appellee against appellant of March 23, 1931, was returned unsatisfied. In June, 1931, a certified transcript of said judgment was filed with the clerk of the Cleveland Circuit Court, upon which execution was issued by said clerk, and the sheriff levied same on certain real property owned by appellant in that county. Thereafter appellant filed his schedule claiming the property levied upon as his homestead exempt, which was disallowed by the clerk, and the matter was presented to the court sitting as a jury. The court disallowed the claim of exemption as a homestead on the ground that appellant had moved away and abandoned his homestead, and that same was subject to execution. This appeal is from that judgment.

Appellant was the only witness examined. He testified that the 20 acres of land was his homestead, and had been for about 20 years; that he had lived upon said land all that time until 1929 or 1930; that his first wife died while they were living there as also one child who

predeceased his wife, and that he continued to live there about two years after his wife's death; that he then moved to Pine Bluff to work where he had lived about a year; that he did not abandon his homestead, but was temporarily away at work, intending to return to it at an indefinite time, when he married again; that he had been married the second time about five months, but that he and his present wife had not lived on said land, but had been on it several times, and intended to move back "this fall," when he got money to move on; that he never did move all his household goods from the property, his cooking utensils and plow tools still being there in the custody of his relatives who rent the premises; that he re-covered the house on said land about six months ago at a cost of $75; and that he paid his personal tax for 1931 at Pine Bluff, in Jefferson County.

On this evidence the court found that appellant had abandoned his homestead, and this appeal challenges the sufficiency of the evidence to support the finding and judgment. The rule in this court in this kind of case is the same as in any other case tried before the court sitting as a jury, and that is, that the finding of the court is entitled to the same weight as the verdict of a jury, which this court will not disturb if there is any substantial evidence to support it. *Creekmore* v. *Scott*, 179 Ark. 1113, 20 S. W. (2d) 177. In this case we think there is some substantial evidence of abandonment. Appellant, on the death of his wife, was left without a family. Later he went to Pine Bluff to work, intending, as he says, to return when he married. If he had never married again, the presumption is, from that statement, that he would not have returned. In other words, his intention to return to his homestead was not unqualified, definite and certain, such as the law requires. In the case last cited, we said: "This court has uniformly held that an abandonment of a homestead is almost, if not entirely, a question of intention, which must be determined from the facts and circumstances attending each case. The court

has further held that a removal from the homestead may be caused by necessity, or for business purposes, and that, if the owner has an unqualified intention to preserve it as a homestead and to return to it, his removal cannot result in the abandonment of the land as a homestead. *Gazola* v. *Savage,* 80 Ark. 249, 96 S. W. 981; *Caldcleugh* v. *Caldcleugh,* 158 Ark. 224, 250 S. W. 324, and cases cited.''

The evidence further shows that appellant had been married to his second wife five months and had not moved back to his homestead and had paid his 1931 personal taxes in Jefferson County. These are circumstances tending to show abandonment, and abandonment of a homestead may be proved by conduct, circumstances, and actions, as well as by direct testimony. *Lilly* v. *Lilly,* 178 Ark. 324, 11 S. W. (2d) 765; *Creekmore* v. *Scott, supra.* Tested by these rules, we cannot say there is no substantial testimony to support the finding and judgment of the circuit court.

Affirmed.

KIRBY and MEHAFFY, JJ., dissent.