DEDMON v. THALHEIMER.

5-937                                   290 S. W. 2d 16

Opinion delivered May 14, 1956.

*Richard W. Hobbs* and *B. W. Thomas,* for appellant.

*Wootton, Land & Matthews,* for appellee.

SAM ROBINSON, Associate Justice. This is a personal injury case growing out of an automobile collision. Appellant was the plaintiff in the Circuit Court, and there was a judgment for the defendant, appellee. The principal issue on appeal is the court's ruling in refusing to permit the plaintiff to question the veniremen with reference to any connection with insurance companies.

Counsel for appellant asked permission to discuss a matter in chambers. Upon retiring, he stated to the court that he would like to ask the veniremen in a group the following question: "Have you ever been in the employ of any liability insurance company, or do you own any stock in any liability insurance company at the present time, or are you insured with any mutual benefit liability company where your premiums are determined upon the size of judgments given in personal injury actions for the previous year?" Appellee objected to the question being asked, and questioned the good faith of counsel for the plaintiff in seeking to ask the question. It developed that the defendant was insured by the St. Paul-Mercury Indemnity Company; and counsel for the plaintiff insisted that he, in good faith, wanted to propound the question. The court replied that it was understood that counsel was in good faith, but that the question of insurance had no place in the case, and sustained the objection. The court considered that counsel was in good faith in attempting to ask the question, and there is nothing in the record going to show otherwise.

In the trial of a civil action in circuit court in this State, each side has the right to excuse three veniremen peremptorily. In cases where the defendant is covered by liability insurance, the plaintiff might want to excuse any one that he suspects may be either biased or prejudiced where insurance is involved; and he would have a perfect right to exercise a peremptory challenge for that reason, if he so desired. The test of whether counsel

may ask questions of veniremen in regard to insurance is whether the questions are propounded in good faith. If counsel, in good faith, thinks that liability insurance is involved, then he may ask questions calculated to bring to light any bias or prejudice a venireman may have for or against insurance companies. The thing works both ways: A person may have connections with an insurance company that would cause him to be biased in favor of such companies. On the other hand, a venireman may be, for some reason, prejudiced against insurance companies. A lawyer trying a case would be rather careless if he failed to ascertain as well as possible if any one on the venire was biased or prejudiced on a question involved in the litigation, even though such question would be only indirectly involved. Very seldom do lawyers on both sides know the connections and background of all the veniremen or whether they would have an opinion as to the merits of the case. And the purpose of the *voir dire* examination is to enable counsel to ascertain whether there is ground for a challenge for cause, or for the exercise of a peremptory challenge. Of course, questions about insurance would be improper if counsel does not in good faith believe that some insurance company is interested in the outcome of the litigation. *Gill* v. *Whiteside-Hemby Drug Co.*, 197 Ark. 425, 122 S. W. 2d 597. But here, it is admitted that insurance is involved, and there is no indication of bad faith.

In the *Gill* case, the plaintiff was not permitted to ask the veniremen about insurance, but there it was shown, in chambers, that at the time of the mishap involved in the litigation the defendant had no insurance and no insurance company was interested in the outcome of the case. In *Derrick et al.* v. *Rock et al.*, 218 Ark. 339, 236 S. W. 2d 726, *evidence* of insurance was unnecessarily and gratuitously injected into the trial, and in holding that such *evidence* was inadmissible, *Ward* v. *Haralson*, 196 Ark. 785, 120 S. W. 2d 322, was cited. In that case, it was said: "The statement of counsel for appellees, injecting into the case the fact, if it be a fact, that appellants had insurance coverage, was wholly inexcusable,

uncalled for by anything that had previously occurred in the case, and was highly prejudicial." In *Rambo* v. *Rambo,* 195 Ark. 832, 114 S. W. 2d 468, it was held that a reference, in the complaint, to insurance not pertinent to the issue involved should be stricken.

But the rule with regard to questioning a venireman about his connection with an insurance company is stated in an extensive annotation in 4 A. L. R. 2d 761, at page 793, as follows: "Provided counsel acts in good faith, he may, in one form or another, question prospective jurors on the voir dire respecting their interest in, or connection with, liability insurance companies." A great number of cases from the federal courts and about 35 states are cited in support of the rule. Among our own cases cited which support the rule are: *"Pekin Stave & Mfg. Co.* v. *Ramey* (1912) 104 Ark. 1, 147 S. W. 83; *Cooper* v. *Kelly* (1917) 131 Ark. 6, 198 S. W. 94; *Williams-Echols Dry Goods Co.* v. *Wallace* (1920) 142 Ark. 363; 219 S. W. 732; *Ellis* v. *Warner* (1930) 182 Ark. 613, 32 S. W. 2d 167; *Bourland* v. *Caraway* (1931) 183 Ark. 848, 39 S. W. 2d 316; *Sutton* v. *Webb* (1931) 183 Ark. 865, 39 S. W. 2d 314; *Lewis* v. *Cox* (1933; Ark.) 58 S. W. 2d 215; *Loda* v. *Raines* (1937) 193 Ark. 513; 100 S. W. 2d 973; *Missouri Pacific Transp. Co.* v. *Talley* (1940) 199 Ark. 835, 136 S. W. 2d 688 (cert. dismd. (1940) 311 U. S. 722, 85 L. Ed. 470, 61 S. Ct. 5) (compulsory insurance)."

Appellant contends that the court erred in permitting the introduction of the repair bill of one of the automobiles involved in the collision. "It is contended by appellant that the question of the violence or force of such impact cannot be shown by the amount of the repair bill to one of the automobiles involved in the collision." If only slight damage was done to an automobile involved in a collision, as shown by the repairs which were necessary, such small damage would be a reasonable inference that the impact was not great, hence the evidence was admissible.

For the error in refusing to permit counsel for the plaintiff to question the veniremen with respect to insurance, as pointed out, the cause is reversed and remanded for new trial.