ROGERS *v.* LAWRENCE.

5-924                                      296 S. W. 2d 899

Opinion delivered December 17, 1956.

[Rehearing denied January 21, 1957.]

118

*Pickens & Pickens,* for appellant.

*Wayne Boyce,* for appellee.

LEE SEAMSTER, Chief Justice. The appellee, Mrs. Lawrence, filed this action against the appellant, Mrs. Rogers, seeking to recover damages for personal injuries sustained when Mrs. Rogers' car struck and injured Mrs. Lawrence. The answer alleged that Mrs. Lawrence was injured accidentally while a guest of Mrs. Rogers and, therefore, could not recover because of the Arkansas guest statute. The guest issue was submitted to a jury; and a verdict returned for Mrs. Lawrence. The appellant presents several assignments, one relating to the guest issue, another relating to instructions, and another relating to the *voir dire* examination of the jury panel.

The first point for decision is the guest issue. Mrs. Lawrence, a lady past seventy-eight years of age, and living in Jackson County, went to Crittenden County in September, 1953, to visit friends there. She was visiting in the home of Mrs. Brewer when appellant, Mrs. Rogers, and another lady, came by to get Mrs. Brewer and Mrs. Lawrence to go to see Mrs. Rogers' new home. When the four ladies were seated in the car, Mrs. Rogers was driving with Mrs. Brunson beside her in the front seat; and Mrs. Brewer and Mrs. Lawrence were in the rear seat, with Mrs. Lawrence seated on the right. As they drove through the business district, after visiting at Mrs. Rogers' new home, Mrs. Lawrence requested that they stop at Mr. Holt's store so she could tell him good-bye, as she was leaving the next day for Jackson County.

Mrs. Rogers drove up parallel with the curb just one store away from Holt's store and stopped the car and Mrs. Lawrence stepped from the car to the street, ready to step up on the sidewalk. Just then, the car directly in front of Holt's store drove away, and Mrs. Rogers said: "O. D. Cox is pulling out; I believe I will pull up"; and Mrs. Rogers began to move a car length for-

ward. But in some way — either by the door or the fender hitting her — Mrs. Lawrence was knocked down by Mrs. Rogers' car and received the injuries involved in this case. Mrs. Lawrence stated the following:

"Mrs. Rogers pulled in parallel to the curb to park and stopped the motor. I opened the rear door of the car which opens toward the back of the car and stepped out. I had both feet on the ground (pavement) and I was not touching the car when Mrs. Rogers said, 'I think I will pull up a little bit' and stepped on the gas and the car door hit me on the right side. I was facing west and the car was facing south. I was knocked down between the curb and the car striking the left hip."

There is no need to recite the other testimony because, on an appeal like this one, we accept the evidence strongest to the appellee's case. See *Harrison* v. *Rosensweig*, 185 Ark. 281, 47 S. W. 2d 2; *Potashnick Local Truck System, Inc.,* v. *Archer,* 207 Ark. 220, 179 S. W. 2d 696; *Albert* v. *Morris,* 208 Ark. 808, 187 S. W. 2d 909.

Appellant claims that under her own testimony, Mrs. Lawrence was a guest in Mrs. Rogers' car and cannot recover because of our guest statutes. Appellee says it was a question of fact for the jury to decide: (a) whether Mrs. Lawrence had left the car when she was injured; and (b) whether the stop at Holt's store was merely a part of a journey or was in itself such a complete stop as to suspend the guest relationship until Mrs. Lawrence should re-enter the car.

We have two guest statutes in Arkansas, being Act No. 61 of 1935 (now found in § 75-913 Ark. Stats.) and Act No. 179 of 1935 (now found in § 75-915 Ark. Stats.). The latter is the one most strongly relied on by the appellant; and the germane portion of it reads:

"No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators, or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons

responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator.''

In 3 Ark. Law Review at page 101 there is a comment on cases from various states involving the guest statute; and also in 1 Ark. Law Review at page 50 there is an article on the Arkansas guest statute. In addition, we have several cases on these statutes, but none decides the question here posed. Some of our more recent cases are: *Corruthers* v. *Mason,* 224 Ark. 929, 277 S. W. 2d 60; *Derrick* v. *Rock,* 218 Ark. 339, 236 S. W. 2d 726; *Stewart* v. *Thomas,* 222 Ark. 849, 262 S. W. 2d 901.

Since the Act 179 uses the words "transported or proposed to be transported," "entering" or "leaving," it is that statute on which the appellant most relies on her claim that the Trial Court should have instructed a verdict for her. We seldom have a case in which both sides show the research and diligence that has been exhibited in the case at bar. Learned counsel for appellant has favored us with a brief giving the statute and decision from each and every state in the Union that has a guest statute in any way resembling our statute; and also numerous text books and law review articles are referred to in the brief. Since the oral argument, we have discovered an annotation in 50 A. L. R. 2d 974, which volume was not distributed until after the argument.

But in the final analysis the issues are simply these: When the guest has left the vehicle, intending to later re-enter after transacting other matters, can the Court say, as a matter of law, that the intention to resume the journey makes the guest relationship continue while the guest is entirely away from the car? Again, should the Court leave it to the jury to decide whether, under the facts in each particular case, the guest relationship was terminated when the guest had both feet on the ground and was not touching the car?

We believe the jury should have been allowed to decide the fact question, just as was done in the case at bar. The guest statute is in derogation of the common law and is to be strictly construed. *Ward* v. *George*, 195 Ark. 216, 112 S. W. 2d 30; *Arkansas Valley Rural Electric Company* v. *Elkins*, 200 Ark. 883, 141 S. W. 2d 538; *Whittecar* v. *Cheatham*, 226 Ark. 31, 287 S. W. 2d 578.

The "guest statutes" were enacted to prevent collusive suits. *Ward* v. *George, supra.* Certainly there was no collusion in the case at bar; and when we give the guest statute the strict construction that we have held proper, then it seems clear that the jury should have decided whether Mrs. Lawrence continued as Mrs. Rogers' automotive guest even when out of the car to go into a store. Someone must say as a fact when the automotive guest status ceased after Mrs. Lawrence left the car, had both feet on the ground and had ceased to be in contact with the car. Our system of jurisprudence leaves fact questions such as these to the jury. In the recent case of *Whittecar* v. *Cheatham*, 226 Ark. 31, 287 S. W. 2d 578, decided March 5, 1956, we said: "Ordinarily the issue of whether one is a guest is a question of fact. *Brand* v. *Rorke*, 225 Ark. 309, 280 S. W. 2d 906." Therefore, the Trial Court was correct in refusing appellant's motion for an instructed verdict.

As to appellant's assignment regarding the requested instructions, little need be said. It would unnecessarily prolong this opinion to give these instructions *in extenso*. Appellant insists that each of her instructions 4 to 8, inclusive, should have been given; but we find that the Court covered the correct portion of these instructions in its own instructions 1, 6, 8 and 9 and in defendant's instructions 1 and 2.

Finally, appellant claims that the Court committed fatal error in permitting the attorney for the appellee to ask the venire of prospective jurymen these questions:

"1. Are you now, or have you been, employed as an adjuster by any liability insurance company?

"2. Do you, or any of you, own stock in or have any financial interest in any insurance company that has automobile and liability insurance?

"3. Are you now, or have you been in the past, employed as an adjuster for any liability insurance company?"

We have held that the trial court has discretion in allowing questions like this to be asked on *voir dire* (see *Ellis & Lewis* v. *Warner,* 182 Ark. 613, 32 S. W. 2d 167); and we are of the opinion that the trial court did not abuse its discretion in the case at bar. The questions here asked were not materially different from those permitted in *Halbrook* v. *Williams,* 185 Ark. 885, 50 S. W. 2d 243. Furthermore, we have recent cases all on the same point. See *Mo. Pac. Transp. Co.* v. *Talley,* 199 Ark. 835, 136 S. W. 2d 688; *Certiorari* Dismissed by U. S. Supreme Ct., 311 U. S. 722, 85 L. Ed. 470; 61 S. Ct. 5; *Brundett* v. *Hargrove,* 204 Ark. 258, 161 S. W. 2d 762; and *Dedmon* v. *Thalheimer,* 226 Ark. 402, 290 S. W. 2d 16.

Finding no error, the judgment is affirmed.

Justices HOLT, SMITH and WARD dissent.

J. SEABORN HOLT, Associate Justice (dissenting). All concede that the present case is one of first impression here. Under our guest statutes, as pointed out in Volume 3—Arkansas Law Review No. 1, p. 101: "In effect, the exact limits of the host-guest relationship in Arkansas are as yet undetermined."

Under § 75-913 Ark. Stats. 1947 (of 1935) no guest, had a cause of action against the owner or operator of an automobile for damages unless the automobile was being operated willfully and wantonly in disregard of the guest's rights. That section was amended by § 75-915 Ark. Stats. 1947 (enacted at the same term) and provided: "No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, . . . shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal in-

jury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator.'' It seems clear to me that the legislature in the latter section (75-915) intended to add a greater protection to the driver or operator of an automobile while carrying anyone gratuitously (or as a guest) not only while such guest was in the car but while entering the car or while ''leaving such motor vehicle.''

''The primary purpose of statutory construction is to ascertain the intention of the legislature, not only from the language used but also from the reason and necessity for the act, the evil sought to be remedied and the objects and purposes sought to be obtained by it . . . The words of a statute will be interpreted according to their common and popular acceptation and import unless that interpretation will defeat the manifest intent of the legislature . . . A situation which is within the object, spirit and meaning of a statute is regarded as within the statute although not within the letter . . .'' *Tallios* v. *Tallios,* 350 Ill. App. 299, 112 N. E. 2d 723.

The undisputed evidence in this case is to the following effect: Appellee (Mrs. Lawrence) was a visitor in the home of Mrs. Brewer, and Mrs. Rogers (appellant), Mrs. Brewer's friend, proposed to transport Mrs. Lawrence, as her guest, from Mrs. Brewer's home out to Mrs. Rogers' new home (which Mrs. Rogers wanted appellee to see) and then to return Mrs. Lawrence back to Mrs. Brewer's home. In the course of this journey, at Mrs. Lawrence's request, Mrs. Rogers stopped her car within a few inches of the curb for the purpose of allowing appellee momentarily to interrupt the journey and get out of the car to say goodbye to a friend, before she, Mrs. Lawrence, terminated her visit with Mrs. Brewer (which she intended to do on the following day). When the car stopped, Mrs. Lawrence opened the rear right hand door of the car, stepped to the pavement, a few inches from the curb, and before she could step from the pavement to the curb, Mrs. Rogers started the car forward and some part of the car, either the door or

fender, struck Mrs. Lawrence, knocked her down and injured her. In other words, appellee had not gotten far enough away from the car, in the act of leaving it, to avoid being struck by it. As I see it, there is no escape from the conclusion that appellee was injured while leaving the motor vehicle for the specific purpose of temporarily interrupting the journey and then to re-enter the car and complete the journey. In these circumstances, I think, it was the legislative intent that she was still a guest at the time and could not recover. It seems obvious to me that the legislature, to make it more difficult for collusive suits and to further restrict grounds for recovery against owners and drivers of automobiles, found that the first section above (75-913) was not broad enough and did not afford sufficient protection, and that Section 75-915 was enacted for this purpose.

The Supreme Court of Kansas in *Marsh* v. *Hogeboom et al.,* 167 Kan. 349, 205 P. 2d 1190 (1949) in construing its guest statute which provided: "8-122b. Right of guest to collect damages from owner or operator. That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle," in circumstances similar to those presented here, held: "Where motorist took guest by automobile to guest's home, guest alighted from automobile and took hold of right door handle of automobile to close door, and motorist then negligently started up, catching guest's hand on door handle, throwing guest to the ground, and causing injuries, she was still a 'guest' within meaning of automobile guest statute at time she was injured and could not recover from motorist, in absence of showing of gross and wanton negligence."

In *Head* v. *Morton,* 302 Mass. 273, 19 N. E. 2d 22, the Supreme Judicial Court of Massachusetts, where the facts were: [plaintiff] "I was in the air. I had not left

the sidewalk. I had not left anything. My right foot was in the air, and my left foot was on the curbstone, and I was starting into the car in that motion," held in favor of the defendant and said: "If the relationship of 'host' and 'guest' as these words are commonly used, had come into existence at the time of the plaintiff's injury, she cannot recover . . ." We think that the case at bar comes within the rule stated in *Ruel* v. *Langelier*, 299 Mass. 240, 12 N. E. 2d 735, where it was said, 'Coming now to the case before us, it must be clear that the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed.' . . ." In another Massachusetts case, *Ethier* v. *Audette,* 307 Mass. 111, 29 NE 2d 707, the facts were even stronger for the plaintiff than in the present case, but in that case the court held: "1. Automobiles—Where defendant gratuitously undertook to transport plaintiff home, they decided to stop at restaurant for purpose of purchasing food to be eaten by both at plaintiff's home, plaintiff alighted from automobile, motor was not turned off and door was left open, and plaintiff, without having entered restaurant, returned and stood with one foot on running board, and was injured when defendant's foot slipped from clutch and automobile suddenly moved, plaintiff remained a 'guest' of defendant, who therefore was not liable in absence of gross negligence, notwithstanding plaintiff did not intend to re-enter automobile at the time and had returned merely to ask defendant to accompany plaintiff into the restaurant. . . ."

In this day and age, when an estimated 60 million automobiles are on the streets and highways, with practically every family in the nation owning one or two automobiles, if the majority opinion stands, in my opinion,

a car owner will hesitate before offering a friend or neighbor a free ride. The risk would seem too great. Personal injury suits will no doubt multiply and liability insurance rates advance—the very things that our legislature seemed determined to discourage.

I would reverse and dismiss.

Justices SMITH and WARD join in this dissent.