Cox *v.* Watson.

5-2007                                     330 S. W. 2d 66

Opinion delivered December 21, 1959.

W. W. *Shepherd,* for appellant.

No brief filed for appellee.

Ed. F. McFaddin, Associate Justice. This appeal stems from a traffic mishap. The Circuit Court, trying the case without a jury, rendered judgment for plaintiff (appellee); and defendant (appellant) prosecutes this appeal. Four points are listed for reversal; but all these are resolved by our conclusions: that a question of fact was made as to negligence; and that the finding of the Circuit Court has the effect of a jury verdict. *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322; *Hurst* v. *Flippin,* 228 Ark. 1151, 312 S. W. 2d 915.

The appellant was driving an automobile west on Markham Street in Little Rock and undertook to execute a left turn in order to go south on Arch Street. The appellee was driving an automobile east on Markham Street. After the appellant was in the intersection turning south, the right side of his car was struck by the front of appellee's car. Appellee claimed car damage in the sum of $216.10; and appellant claimed car damage of $150.00. The Trial Court found that appellant was guilty of 75% of the negligence causing the mishap and rendered judgment against appellant for $162.08. We view the facts in the light most favorable to the verdict, as is our rule. *Harrison* v. *Rosenweig,*

185 Ark. 281, 47 S. W. 2d 2; *Potashnick* v. *Archer,* 207 Ark. 220, 179 S. W. 2d 696; and *Rogers* v. *Lawrence,* 227 Ark. 117, 296 S. W. 2d 899.

It was shown that the mishap occurred at about 6:15 P. M. on October 4, 1958, and that both vehicles had the lights burning. Officer King of the Little Rock Police Department testified that he arrived at the scene a few minutes after the collision and before either vehicle had been moved. Officer King testified:

". . . Mr. Watson's car had struck Mr. Cox's car in the side. Watson was traveling east on Markham Street and Cox was traveling west. Watson had not changed his direction. Cox was making a left turn. The evidence points to Mr. Cox as making an illegal left turn . . . Mr. Watson's vehicle was four feet west of the east curb line and four feet north of the south curb line. That is the point of impact." The Cox vehicle "was 36 feet south of the north curb line and 32 feet east of the west curb line." The Watson car "had 27 feet of skid marks . . .

"Q. In what position were the cars, do you recall, at the time when you arrived at the scene?

"A. Here is a diagram of the cars.

"Q. They were still in the same position, or had they been moved.

"A. They had not been moved . . .

"Q. Do you recall any statement that was made by either one of the parties in the presence of the other?

"A. No, sir. I don't recall any statement . . .

"Q. You say Mr. Watson's car showed 27 feet of skid marks?

"A. Yes, sir.

"Q. Did they commence before he got into the intersection or after?

"A. I believe they would have started after he entered the intersection. That is a 36 foot street there

and four and 27 is thirty one. He was about five feet into the intersection.

"Q. Five feet after he entered the intersection?"

"A. Yes."

The above copied testimony would indicate that appellant cut the corner too sharply in front of the appellee. At all events, the foregoing testimony is sufficient to support the judgment rendered.

Affirmed.