STEWARD, ADMINISTRATOR *v.* THOMAS.

5-246                                    262 S. W. 2d 901

Opinion delivered December 21, 1953.

*Coffelt & Gregory,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

ROBINSON, J.   Appellant E. L. Steward seeks damages as the administrator of the estate of Barbara Ann Steward, aged 14, who was killed while she was a guest

in an automobile operated by Jessie Thomas, a young lady 15 years of age. The complaint alleges that the defendant, Louis Thomas, father of Jessie Thomas, was guilty of wilful misconduct in permitting his daughter to drive his automobile because she had no driver's license and because she was inexperienced and an unsafe driver. The complaint further alleges wilful misconduct on the part of Jessie Thomas in failing to keep a lookout for another car with which she collided, in failing to keep her automobile under control, and in driving at excessive speed.

The court directed a verdict for the defendant on the theory that there was no substantial evidence tending to prove wilful misconduct on the part of the driver Jessie Thomas or that the vehicle was operated in wilful and wanton disregard of the right of others.

Ark. Stat. § 75-913, which is Act 61 of 1935, provides: "No person transported as a guest in any automotive vehicle upon the public highways of this State shall have a cause of action against the owner or operator of such vehicle for damages on account of any injury, death or loss occasioned by the operation of such automotive vehicle unless such vehicle was wilfully and wantonly operated in disregard of the rights of others." § 75-915, which is a part of Act 179 of 1935, is to the same effect as § 75-913 with the exception that it uses the language "wilful misconduct of such owner or operator" instead of "wilful and wanton disregard of the rights of others."

So far as the point under consideration is concerned, we can see no practical distinction in the language of the two acts. It is hard to see how a person could act in wilful and wanton disregard of the rights of others without being guilty of wilful misconduct, or vice versa. In *Roberson* v. *Roberson*, 193 Ark. 669, 101 S. W. 2d 961, Mr. Justice Frank Smith said: "Act 179 substantially re-enacts Act 61 with the added provision . . ."

On the day of the unfortunate collision, Jessie Thomas, with her parents' permission, had taken the family automobile; and with two of her friends, Bonnie Howard and the deceased Barbara Ann Steward, as her guests, had gone for a ride in and around Benton for their mutual pleasure. Bonnie Howard lived on Third Street; and after letting her out at her home, Jessie Thomas drove the car north to Schley Street, a distance of 559 feet. In crossing that street the car driven by Jessie collided with one operated by Carl Manning. Barbara Ann was thrown from the automobile and killed.

The issue is whether Jessie's manner of driving the car at the time of the collision was such as to make it a jury question as to whether her act in so driving was wilful and wanton within the meaning of the statute. The trial court felt that the evidence did not justify submitting this issue to the jury, and we are of the same opinion. Therefore we do not reach the other point in the case as to whether the defendant Louis Thomas, the father of Jessie Thomas, acted in wilful disregard of the rights of others when he let his daughter Jessie drive the automobile.

Appellant contends that Jessie acted in wilful and wanton disregard of the rights of others by driving the automobile into the intersection without keeping a proper lookout for others that might be approaching, in not having the car under control, and in driving at excessive speed. There is evidence to the effect that the car was being driven 45 to 50 miles an hour and that Jessie did not see the car approaching from her right until the moment of the collision; and it might be said that from these circumstances she did not have her car under proper control. There was no stop light at the inter section, nor any sign warning one to drive slowly, nor anything to indicate that the intersection was other than one located in a residential section of town where no extraordinary hazard existed. But assuming the facts would justify a finding of negligence, even gross negligence, still we do not believe there is any substantial evidence going to show that Jessie's conduct was wilful

and wanton within the meaning of the statute. Wilful misconduct, or to operate an automobile in wilful and wanton disregard of the rights of others, means something more than gross negligence. *Splawn, Adm.,* v. *Wright,* 198 Ark. 197, 128 S. W. 2d 248.

Appellant relies to a large extent on *McAllister, Adm.,* v. *Calhoun,* 212 Ark. 17, 205 S. W. 2d 40. However, the facts in that case are entirely different from the facts in the case at bar. There the automobile was being driven at a speed of some 75 to 80 miles per hour and the guest in the car had repeatedly requested the driver to slow down. The court held such evidence made a question for the jury as to whether the automobile was being driven in a wilful or wanton manner. But there the court quoted from *Splawn, Adm.,* v. *Wright, supra,* as follows: ''Whether an automobile is being operated in such a manner as to amount to wanton or wilful conduct in disregard of the rights of others must be determined by the facts and circumstances in each individual case.'' In the case at bar it is not shown that the car was being operated in a reckless manner prior to the instant of the collision, nor is there any showing that the guest in the automobile had requested the driver to slow down. It will be recalled that Bonnie Howard had been let out of the car at her home only 559 feet from the place where the collision occurred.

Appellant cites *Blashfield,* Vol. 4, Part 1, page 401, to the effect that whether in view of the surrounding circumstances any particular speed constituted recklessness, wantonness, or gross negligence, is a question of fact. We agree with this view and so held in the *McAllister* case; but this is not to say that the question of wilful misconduct or wilful and wanton disregard of the rights of others should be submitted to the jury where there is no evidence giving rise to an inference that wilfulness or wantonness existed. It is one thing to persistently pursue a course of driving in a reckless and dangerous manner over the protest of the occupants of the car and an entirely different thing to act in a negligent manner on the spur of the moment. Many

courts have defined wilful misconduct; see *Malcolm* on *Automobile Guest Law.* We think a good definition is that stated by Malcolm on page 142; " 'Wilful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom.' *Norton* v. *Puter,* 138 Cal. App. 253, 258, 32 P. 2d 172 (1934)."

In *Froman* v. *J. R. Kelley Stave & Heading Company,* 196 Ark. 808, 120 S. W. 2d 164, the driver of the automobile, after drinking both wine and beer, proceeded to drive in a reckless and dangerous manner over the protest of the guest. The court held the evidence sufficient to take the case to the jury on the wilful and wanton theory. But the court likened the wilful misconduct feature of the case to one where punitive damages were sought, *Hodges* v. *Smith,* 175 Ark. 101, 298 S. W. 1023, and quoted Judge Hart speaking for the court in that case as follows : "It is earnestly insisted, however, by counsel for the defendant, that the court erred in submitting to the jury the question of punitive damages, and in this contention we think counsel are correct. In *St. L. S. W. Ry. Co.* v. *Owings,* 135 Ark. 56, 204 S. W. 1146, it was held that negligence alone, however gross, is not sufficient to justify the award of punitive damages. There must be some element of wantonness or such a conscious indifference to the consequences that malice might be inferred. In other words, in order to warrant a submission of the question of punitive damages, there must be an element of wilfulness or such reckless conduct on the part of the defendant as is equivalent thereto. In the case at bar there is no element of wantonness or wilfulness on the part of the person driving the car which overtook the plaintiff and ran into his car and thereby caused the injuries complained of."

In *Splawn, Adm.,* v. *Wright, supra,* it was shown that the defendant was operating the automobile over

a wet and slippery road at a speed of 40 to 45 miles per hour, and his guest had warned him to slow down. It was held this evidence was not sufficient to take the case to the jury.

In *Edwards* v. *Jeffers,* 204 Ark. 400, 162 S. W. 2d 472, there was testimony that the car was being driven 65 to 70 miles per hour on loose gravel over the protest of a guest. The court said that although the evidence was sufficient to show gross negligence, it was not sufficient to permit a recovery under the guest statute.

*Cooper* v. *Calico,* 214 Ark. 853, 218 S. W. 2d 723, is a case where the driver backed his automobile containing guests onto a main highway where it was struck by another car, one of the guests thereby being injured. This court held there was not sufficient evidence to make a jury question under the guest statute. The court said: "We have approved the language of other courts where it was said that wilful negligence is greater in degree than gross negligence; that to be wilfully negligent one must be conscious of his conduct—that is, he must, in the light of surrounding circumstances, comprehend that his act will naturally or probably result in injury. Differently expressed, wilful negligence 'involves the element of conduct equivalent to a so-called constructive intent'."

The sum and substance of our holdings is that the question of whether there was wilful and wanton misconduct must depend upon the facts and circumstances of each case, and we do not believe there is any evidence in this record going to show that the 15-year-old girl Jessie Thomas was guilty of wilful and wanton misconduct as that term has been defined by this court. Therefore the trial court was correct in directing a verdict for the defendant and the judgment is therefore affirmed.