CALLAWAY *v.* CHERRY.

5-1615                                      314 S. W. 2d 506

Opinion delivered June 23, 1958.

*Lookadoo, Gooch & Lookadoo,* for appellant.

*McMillan & McMillan* and *Otis H. Turner,* for appellee.

GEORGE ROSE SMITH, J.   This case arises from a traffic collision that occurred in Clark county on November 11, 1957. The proof shows that as the plaintiff-appellant, Callaway, was turning to his left to leave the

highway his car was struck by one that was being driven by Neil Cherry, who was accompanied by his mother, Irene Cherry, and his cousin, Don Rodgers. The jury found that Callaway, Mrs. Cherry, and Rodgers sustained personal injuries.

Callaway asserted in his complaint that the three occupants of the Cherry car were engaged in a joint enterprise, but at the close of the plaintiff's proof the trial court ruled that the evidence tending to show a joint enterprise was not sufficient to present a question for the jury. At the end of the trial the other issues raised by the complaint and the defendants' cross-complaints were submitted to the jury upon special interrogatories. The jury apportioned the total negligence in the ratio of 56 per cent to Neil Cherry and 44 per cent to Callaway, found that neither Mrs. Cherry nor Don Rodgers was guilty of any negligence, and, as between Neil Cherry and Don Rodgers, found willful and wanton misconduct on Cherry's part. The court entered a judgment fixing the liability of the various parties in accordance with the verdict.

The direct appeal involves only that part of the judgment by which Mrs. Cherry recovers damages of $10,000 from Callaway. Although Mrs. Cherry was found not to have been negligent herself, the appellant insists that the court erred in taking from the jury the issue of joint enterprise, whereby Neil Cherry's negligence might have been imputed to his mother. We are of the opinion that this contention must be sustained.

The Cherry car was owned by Mrs. Cherry's husband, who lived with his family in the city of Waldron. The Cherrys' daughter, Sharon, was attending college at Arkadelphia and had been at home for a week-end visit. On the day of the accident the Cherry party had driven Sharon back to the school at Arkadelphia and were returning to Waldron when the collision took place. The sole purpose of the trip was to take Sharon to the college. Neil Cherry, who was driving the car, was a few days past eighteen years old and lived with his parents.

Don Rodgers, who was sitting next to the driver, was only seventeen and had gone along "just for the ride"; Callaway has abandoned his contention that Don shared in the asserted joint enterprise. Mrs. Cherry evidently knows how to drive, but at the time she was riding in the back seat. Called as a witness by the plaintiff, she testified that she would not have hesitated to reprimand her son if he had driven too fast. The clear implication of her testimony is that she expected Neil to obey her.

Upon this proof it was for the jury to say whether Mrs. Cherry's right and power to control the actions of her minor son were sufficient to make her liable for his negligence. The situation is not unlike that considered in *Minor* v. *Mapes,* 102 Ark. 351, 144 S. W. 219, 39 L. R. A. N. S. 214, where we upheld the liability of a husband who was being driven by his wife. After pointing out that a guest is not ordinarily liable for the carelessness of a driver over whom the guest exercises no control, we stated: "This rule cannot, however, be extended so as to afford an avenue for the husband's escape from liability on account of negligent act of his wife or minor child with whom he is driving in an automobile or other vehicle. He is presumed to exercise some control over them under those circumstances, at least to the extent of preventing an act of negligence which is calculated to result in injury to other persons, and it is his positive duty to do so." The case is perhaps not as strong when a mother rides with her minor son, but we are unwilling to say that fairminded men would necessarily conclude that the power of control is absent. Our holding in *Lockhart* v. *Ross,* 191 Ark. 743, 87 S. W. 2d 73, is easily distinguishable, for there the son was a man of forty-five and owned the car in which his mother was riding as his guest. We observed that there was "a total want of evidence" to show that the mother had any control over the use of the automobile.

In seeking to uphold the judgment counsel for Mrs. Cherry rely upon the language in many of our decisions, including the *Lockhart* case, to the effect that in a joint

enterprise the participants must have an equal right to direct and govern the movements and conduct of each other. It is therefore contended that a joint enterprise could not have existed between Mrs. Cherry and her son, since Neil had no power to control his mother's conduct. Even so, we regard the distinction as one of nomenclature rather than of substance. It might well have been more accurate for the plaintiff to assert an agency relationship rather than a joint venture; but the vital issue presented by the proof was whether Neil's negligence might be imputed to his mother, and we are not persuaded that the imperfect terminology misled the trial court or opposing counsel.

Neil Cherry took a cross appeal and contends that there is no substantial evidence to support the jury's finding that he was guilty of willful and wanton misconduct and was therefore jointly liable with Callaway for the $2,000 judgment awarded to Don Rodgers. We think that the testimony about Cherry's greatly excessive speed warranted the submission of this issue to the jury. About a quarter of a mile from the scene of the accident young Cherry had passed another car which was traveling at 45 or 50 miles an hour. One of the occupants of this car testified that the Cherry vehicle was traveling very fast; "that car was just rocking when it passed me." Another stated positively that Cherry was traveling at least 90 miles an hour. About the same estimate was given by the plaintiff. We do not intimate that any violation of the 60-mile-an-hour speed limit justifies a finding of willful and wanton misconduct, but "the difference between gross negligence and willful and wanton misconduct is so narrow and indistinct that in many instances the question is one for the jury." *Froman* v. *J. R. Kelley etc. Co.,* 196 Ark. 808, 120 S. W. 2d 164. Without attempting to lay down an inflexible rule on the subject, we hold that the testimony in this case warranted the court's submission of the issue to the jury.

The judgment is affirmed on cross appeal, but on direct appeal the judgment is reversed and the cause remanded for a new trial. Upon remand the controversy

between Callaway and Mrs. Cherry will be subject to a retrial upon all issues, but the disputes among the various other litigants have been settled by the original verdict and judgment. On this procedural point see *Martin* v. *Street Imp. Dist. No. 349*, 180 Ark. 298, 21 S. W. 2d 430; *Oklahoma Gas & Elec. Co.* v. *Hofrichter*, 196 Ark. 1, 116 S. W. 2d 599; *Manzo* v. *Boulet*, 220 Ark. 106, 246 S. W. 2d 126.

HARRIS, C. J., and MCFADDIN, J., dissent to the affirmance on cross appeal.