**Earl SLOAN, Jr., Appellant,**

v.

**Norma Lee TARLTON et al., Appellees.**

**No. 16550.**

United States Court of Appeals
Eighth Circuit.

Jan. 4, 1961.

---

Frank Sloan, Jonesboro, Ark., for appellant. Berl S. Smith, Jonesboro, Ark., on the brief.

Henry Woods, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for appellees. Douglas Bradley, Jonesboro, Ark., on the brief.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Sloan appeals from final judgment awarding damages against him for wrongful death of John Tarlton resulting from injuries sustained while Tarlton was admittedly a guest in the automobile operated by the defendant. The judgment is based upon a finding of wilful and wanton misconduct on the part of the defendant. The facts will be summarized in the course of the opinion.

Jurisdiction, based upon diversity of citizenship, is established.

Defendant made motions for a directed verdict at the close of plaintiff's evidence and at the close of all of the evidence, and made a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for judgment in accordance with his motion for directed verdict. All of said motions were overruled. Said motions all raised the issue of the sufficiency of the evidence to support the verdict.

The sole issue presented by this appeal is the sufficiency of the evidence to support a finding that the defendant was guilty of wilful and wanton misconduct which was a proximate cause of the accident.

Since this cause of action arose in Arkansas, the law of that state controls. Arkansas has two guest statutes, § 75-913 and § 75-915, Arkansas Statutes. Said statutes have been held to be synonymous, and to impose liability to a guest upon a host driver who is guilty of wilful and wanton misconduct. Steward v. Thomas, 222 Ark. 849, 262 S.W.2d 901, 902; Harkrider v. Cox, 230 Ark. 155, 321 S.W.2d 226, 227.

■ No cause of action lies in favor of a guest against the owner or operator of an automobile unless the injury was caused by the wanton and wilful misconduct of the operator of said automobile.

In the Steward case, supra, the court approves the definition of wilful misconduct found at page 142 of Malcolm on Automobile Guest Law, said definition being:

"Wilful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom." [222 Ark. 849, 262 S.W.2d 904]

In Harkrider v. Cox, Ark., 334 S.W.2d 875, at page 877, the court states:

"We do not agree that willful and wanton disregard or misconduct is an area, or field, of law entirely distinct and apart from negligence. Our previous opinion several times mentions 'wilful and wanton negligence'. 'Wilful and wanton negligence' and 'willful and wanton disregard' are synonymous in meaning * * *."

The Harkrider case was before the Arkansas Supreme Court on three occasions. In that case, a collision occurred when the host driver, in a dense fog with visibility limited to some fifty to one hundred feet, turned to the left to pass a truck traveling in the same direction at forty miles per hour, whereupon a collision occurred with a vehicle approaching from the opposite direction. The judgment for the guest was reversed in an opinion filed December 8, 1958.[1] Such opinion was withdrawn on March 2, 1959, and a new opinion was substituted. Harkrider v. Cox, 230 Ark. 155, 321 S.W. 2d 226. A majority of the court held a jury question was presented on the issue of wilful and wanton misconduct, but reversed and remanded the case for error in instructions. Upon retrial, plaintiff again obtained a judgment. This judgment was affirmed. Harkrider v. Cox, Ark., 334 S.W.2d 875.

Callaway v. Cherry, 229 Ark. 297, 314 S.W.2d 506, involved in part the claim of Don Rogers, a guest, against Neil Cherry, the driver of the car he was occupying. The Cherry car collided with a car operated by Callaway which was turning to the left to leave the highway. The court, in finding a submissible issue of wanton and wilful misconduct was presented, states:

"We think that the testimony about Cherry's greatly excessive speed warranted the submission of this issue to the jury. About a quarter of a mile from the scene of the accident young Cherry had passed another car which was traveling at 45 or 50 miles an hour. One of the occupants of this car testified that the Cherry vehicle was traveling very fast; 'that car was just rocking when it passed me.' Another stated positively that Cherry was traveling at least 90 miles an hour. About the same estimate was given by the plaintiff. We do not intimate that any violation of the 60-mile-an-hour speed limit justifies a finding of wilful and wanton misconduct, but 'the difference between gross negligence and wilful and wanton misconduct is so narrow and indistinct that in many instances the question is one for the jury.' Froman v. J. R. Kelley Stave & Heading Co., 196 Ark. 808, 120 S.W.2d 164, 167. Without attempting to lay down an inflexible rule on the subject, we hold that the testimony in this case warranted the court's submission of the issue to the jury." 314 S.W.2d at pages 508, 509.

The most recent Arkansas case involving the guest statute that we found is Cousins v. Cooper, Ark., 339 S.W.2d 316. The court upheld a verdict for the plaintiff, stating:

"[T]here was evidence to show that Cousins was traveling between 80 and 90 miles an hour when he tried to pass Lambert and also that

1. See footnote 1, Harkrider v. Cox, 334 S.W.2d 875, 876.

there was fog which, to some extent, might have obstructed the vision. So without detailing the other evidence, we conclude that there was sufficient evidence to take the question of willful and wanton negligence to the jury * * *." 339 S.W.2d 318.

There are Arkansas cases which tend to support defendant's position, among them, Steward v. Thomas, supra, and Edwards v. Jeffers, 204 Ark. 400, 162 S.W.2d 472. Plaintiff's position in such cases is not as strong as plaintiff's position in the present case.

In Harkrider v. Cox, at page 227 of 321 S.W.2d, the court cites in footnote 2 many Arkansas cases involving the interpretation of the guest statute. The court states:

"Defendant's counsel have listed many of our cases involving the said guest statutes; but for us to discuss each of these cases in detail would be a work of supererogation and would serve no useful purpose; because, after all, it is a question in each case whether the particular facts therein made a jury question as to wilful and wanton negligence."

At page 229, the court reaffirms its view that:

" ' * * * the difference between gross negligence and wilful and wanton misconduct is so narrow and indistinct that in many instances the question is one for the jury whether the negligence had become wilful and wanton. The instant case is such a case.' "

and then states: "The rule is, that when fair-minded men might differ, then the question is one for the jury."

The Harkrider and other cases heretofore cited lend support to a view that the Supreme Court of Arkansas in its more recent decisions may be enlarging the area in which the question of the existence of wanton and wilful misconduct presents a fact issue for the jury. Language in the opinions indicates a reluctance to prescribe any fixed formula or standards for determining the question and a disposition to dispose of each case on an individual basis on its own peculiar facts.

■ We have frequently stated that upon appeal in diversity cases, we give great weight to the considered view of the experienced trial judge on doubtful questions of local law, and that we will not adopt a view contrary to that of the trial court unless we are convinced that the court has misconceived or misapplied the law. National Bank of Eastern Arkansas v. General Mills, 8 Cir., 283 F.2d 574; Homolla v. Gluck, 8 Cir., 248 F.2d 731.

We now proceed to examine the facts in this case in the light of the law as above stated. On June 27, 1959, about 8:30 p.m., defendant Sloan was driving his automobile, in which Tarlton was a guest, south on primary highway No. 67, headed for Walnut Ridge, Arkansas. There is a curve on said highway about one-half mile north of Walnut Ridge. Just north of the curve is a sign indicating the curve and recommending a speed of forty miles per hour. Defendant was familiar with the road and the curve. The accident resulted when the Sloan car hit a car operated by Barbour, who was entering a trailer court drive, some five hundred feet south of the curve. Barbour's testimony is that he had come from the south; that he had pulled to the east side of the highway and had let several trucks go by; that he had then looked in both directions and observed no approaching traffic, whereupon he gave a turn signal and proceeded to pull across the road toward the trailer camp on the west side of the highway. When his car was struck by the defendant's car, his front wheels had cleared the highway and were west of the pavement.

A witness testified that one and three-tenths miles north of the accident scene defendant's automobile passed him as his car was going north, and that Sloan's car was going very fast and sounded like a jet. Two disinterested witnesses testified as to the speed of Sloan's car in the immediate vicinity of the accident. An

automobile mechanic, who had experience in making speed observations, was parked at the side of the road north of the curve and about seven hundred and sixty feet north of the point of impact. He testified that his attention was attracted by the Sloan car; that he got up on his bumper to observe it, and that Sloan was traveling at a speed of one hundred miles per hour. Another witness testified that Sloan, in the vicinity of the curve, was traveling eighty to ninety miles per hour. Both of said witnesses testified that as Sloan made the curve, both of his rear wheels skidded off the pavement but that he succeeded in straightening out the car and got it back on the road. The Sloan car left skid marks for forty-eight feet north of the point of impact, and the Sloan car came to rest thirty feet beyond the point of impact.

 It is likely true, as stated by the defendant, that proof of the violation of speed limit statutes and regulations standing alone does not make out a case of wilful and wanton misconduct. In determining whether a driver is guilty of wanton and wilful misconduct, all of the facts and circumstances disclosed by the record must be considered. The collision here occurred a short distance north of the town of Walnut Ridge, Arkansas, a county seat. Business establishments were present along the road in the immediate vicinity of the accident. Defendant was approaching a substantial town, and was in an industrial area, traveling at a speed of eighty to one hundred miles per hour in the nighttime, when his view of the road ahead was obstructed, at least for a time, by the curve in the highway. It would seem that a curve in the nighttime would obstruct a satisfactory view of the road ahead much as a fog would, in the Cousins and Harkrider cases heretofore discussed.

Defendant has made no complaint as to the court's instructions. Defendant's theory that the accident was proximately caused by the negligence of Barbour was fairly submitted to the jury. The jury, by its verdict, rejected this contention.

Defendant in his brief, states: "Indeed, it is fair to say that the evidence in this case is open to the inference that the collision was caused in part by the negligence of Barbour in turning across the highway and in part by excessive speed on the part of appellant." Obviously, if the defendant was guilty of wilful and wanton misconduct the basis for finding such to be a proximate cause of the injury exists.

The trial court in holding that the plaintiff had made a case for the jury on wanton and wilful misconduct reached a permissible conclusion upon the basis of Arkansas law. The defendant has failed to demonstrate that the court committed error in overruling his motions for a directed verdict.

Affirmed.