Frank R. CHAMPAGNE, et al *v.*
Glen Dale FARNSWORTH, Administrator

80-272                                    612 S.W. 2d 121

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*Laser, Sharp & Huckabay*, for appellants.

*Dodds, Kidd, Ryan & Moore*, by: *Donald S. Ryan*, for appellee.

STEELE HAYS, Justice. This case involves the guest statute, the issue being whether the evidence of willful and wanton conduct under the statute is sufficient to support an award of damages to the estate of a deceased passenger.

On November 6, 1978, a 1975 Ford pick-up being driven by Roy Scott Champagne, age seventeen, crossed the center line of State Highway 183 in Bryant, Arkansas, striking an oncoming truck belonging to Reynolds Metal Company. Deborah L. Farnsworth, a guest passenger in the Champagne vehicle, sustained fatal injuries in the accident. Glen Dale Farnsworth, special administrator of the estate of Deborah Farnsworth, brought this suit for wrongful death.

From an adverse judgment below, the appellants, Roy Scott Champagne and Frank R. Champagne, his father, bring this appeal urging that the trial court erred in failing to direct a verdict in favor of the appellants on the ground that there was insufficient evidence of willful and wanton misconduct by Roy Scott Champagne, as required by the Arkansas guest statute, to warrant submitting the issue to the jury. We think the trial court was correct.

The Arkansas guest statute, Ark. Stat. Ann. § 75-913, provides:

> No person transported as a guest in any automotive vehicle upon the public highways or in aircraft being flown in the air, or while upon the ground, shall have a cause of action against the owner or operator of such vehicle, or aircraft, for damage on account of any injury, death or loss occasioned by the operation of such automotive vehicle or aircraft unless such vehicle or

aircraft was *wilfully* and *wantonly* operated in disreguard of the rights of the others. (Emphasis supplied.)

In *Cooper* v. *Calico*, 214 Ark. 853, 218 S.W. 2d 723 (1949), we stated the test for the element of willful negligence required by the statute in this manner:

[T]o be wilfully negligent one must be conscious of his conduct — that is, he must, in light of surrounding circumstances, comprehend that his act will naturally or probably result in injury.
*Cooper*, at 857-858.

*See also, Stewart* v. *Thomas*, 222 Ark. 849, 262 S.W. 2d 901 (1953).

In the oft cited case of *Scott* v. *Shairrick*, 225 Ark. 59, 279 S.W. 2d 39 (1955), we said that:

[O]ne must be conscious of his conduct, and, although having no intent to injure, must be conscious, from his knowledge of surrounding circumstances, that his conduct will naturally and probably result in injury.
*Scott*, at 65.

In the present case, the driver was traveling at approximately 70 to 80 miles per hour in the rain, and there was testimony that the driver was aware that the right front tire of his vehicle had worn slick. There was also testimony that even after the vehicle began to go out of control, or to "fishtail," the appellant's truck failed to slow down over a span of 800 to 1000 feet leading up to the collision.

The case most factually similar to this case seems to be *Tiner* v. *Tiner*, 238 Ark. 222, 379 S.W. 2d 425 (1964). In *Tiner*, the defendant driver was traveling at a rate of approximately 80 miles per hour during a rain storm. The testimony was that even after the car began to "fishtail" the driver did not slow down. In *Tiner*, we held that this evidence was sufficient to submit the issue of willful and wanton negligence to the jury.

Appellant invokes *Splawn* v. *Wright*, 198 Ark. 197, 128 S.W. 2d 248 (1939) as comparable, and argues that the *Splawn* case is more compelling. There we upheld the trial court in granting the defendant's motion for a directed verdict. We disagree with appellants' assessment of the *Splawn* decision. In both cases, a rain slick highway added to the hazardous conditions, but in *Splawn*, the evidence of speed was 40 to 45 miles per hour, vastly different from the 70 to 80 miles per hour ascribed to the Champagne vehicle. Too, in *Splawn*, there was no evidence of badly worn tires, a factor which adds something to the degree of conscious disregard demonstrated by the driver for the safety of himself and his passengers.

Appellants attribute even greater strength to the *Splawn* case because of the absence of evidence that the passengers here objected to the conduct of the driver, an interesting argument. Since the driver has lost all recall and the two passengers were killed instantaneously, what may have been said within the vehicle just prior to the event is sealed by the tragic misfortune itself. It would seem manifestly unfair if, under such circumstances, we were compelled to presume from their silence that the passengers voiced no objection to what was occurring. Whether they did or did not is better left, we believe, in repose.

In the present case, we believe that the totality of the circumstances, the high rate of speed, the weather and highway conditions, the condition of the tires, and the apparent absence of any reduction in speed were sufficient to warrant allowing the jury to decide the issue of the willful and wanton operation of the appellant's vehicle. We cannot say that the trial court erred as a matter of law in denying the motion for directed verdict by the defendants.

Affirmed.