**COMMODITY FUTURES TRADING COMMISSION, and the State of Missouri, ex rel. John Ashcroft, Attorney General, and Joseph Schoeberi, Commissioner of Securities, Appellees,**

v.

**Thomas D. MORSE, Individually and d/b/a The Silver Coin Exchange of St. Louis, as American Precious Metals, and as Stamps-A-Plenty, Appellants.**

**No. 84–1886.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1985.

Filed May 13, 1985.

Joseph F. Devereux, St. Louis, Mo., for appellants.

Debra Hackford, Washington, D.C., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and WOODS,* District Judge.

HENRY WOODS, District Judge.

This is an appeal from entry of a permanent injunction against Thomas D. Morse by the District Court,[1] 587 F.Supp. 391 (1984). The action was commenced by the Commodity Futures Trading Commission (CFTC) and the State of Missouri, seeking injunctive relief to prohibit Thomas D. Morse, individually and d/b/a The Silver Coin Exchange of St. Louis, American Precious Metals, and Stamps-A-Plenty, from violating the anti-fraud provisions of The Commodity Exchange Act, 7 U.S.C. § 6b.

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

After a hearing, the motion for preliminary injunction was granted and a receiver was appointed to take charge of Morse's business affairs. Thereafter plaintiffs moved for summary judgment. The District Court found that summary judgment was not proper because plaintiffs' motion did not allege "the necessary element of intent." (Memorandum and Order dated October 31, 1983.) The parties thereafter agreed to submit the case on the record then before the District Court, including the transcript from the hearing on the motion for preliminary injunction and the report of the receiver. The District Court issued a permanent injunction granting all relief sought by the plaintiffs, and Morse timely appealed. Three issues are presented on appeal. First, did the District Court err in finding a violation of 7 U.S.C. § 6b? Second, did denial of the motion for summary judgment preclude finding a violation of 7 U.S.C. § 6b? Third, did the District Court, 595 F.Supp. 677 (1984), abuse its discretion in refusing to grant appellant's motion for attorney fees?

The facts of the case, as developed at the hearing on the motion for preliminary injunction, are basically as follows: Thomas D. Morse (Morse) is a resident of Missouri. He operates as sole proprietorships The Silver Coin Exchange of St. Louis, American Precious Metals, and Stamps-A-Plenty. Since June, 1981, Morse has been registered with the CFTC. Acting individually and through his three businesses, Morse offered various investment opportunities to the public. One type of investment was known as the "spot" program. A customer would purchase a controlling interest in gold or silver, at a price pegged to the prevailing commercial rate, but would pay only 30% of the purchase price to Morse. The rest was carried as a loan with daily interest calculated at the prevailing prime interest rate. Morse represented to "spot" program customers that he would hedge their investments by the purchase of equivalent futures contracts in gold or silver. Instead, Morse converted the funds which should have been used to hedge customer investments to his own use, speculating in other commodities and sometimes even trading opposite his customers in the gold and silver markets.

■ Morse first argues that the District Court erred in granting the permanent injunction because appellees failed to prove a knowing, intentional, or willful violation of 7 U.S.C. § 6b. This argument has no support in the record or the case law. The District Court found, and the record supports that finding, that Morse told his customers he would hedge their investments in gold and silver, but instead, on numerous occasions, he took the hedging funds and applied them to his own personal use. Based on these facts, the District Court found that Morse "deliberately acted contrary to his representations; his actions were, therefore, unauthorized and contrary to the instructions of his customers." (Memorandum and Order dated June 14, 1984.) The District Court relied upon the case of *Haltmier v. Commodity Futures Trading Com'n*, 554 F.2d 556 (2d Cir.1977), which reasoned that such actions were sufficient to prove a violation of § 6b:

> Nor is it important that Haltmier may not have had an evil motive or an affirmative intent to injure his customer, or that he did not subjectively want to cheat or defraud Millet. It is enough that he acted deliberately, knowing that his acts were unauthorized and contrary to instructions. Such knowing, intentional conduct made his acts wilful, and therefore his violations of the statutory prohibition against cheating or defrauding the customer were wilful, in the accepted sense for infractions of this type.

554 F.2d at 562 (citations omitted). The reasoning of *Haltmier* is sound and has been approved in this Circuit, *Ray E. Friedman & Co. v. Jenkins*, 738 F.2d 251 (8th Cir.1984). When applied to the facts of this case, a *Haltmier* analysis clearly demonstrates that Morse violated 7 U.S.C. § 6b.

■ Morse next makes the novel argument that because the District Court denied the plaintiffs' motion for summary

judgment, it was bound to find in his favor on the issue of intent when the case was submitted on the record. This argument, which hinges on the fact that no additional evidence was put into the record after the motion for summary judgment was denied, is fallacious. The purpose of a motion for summary judgment is narrow and clearly defined. "Summary judgment is an extreme remedy and is not to be granted unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Mandel v. U.S.*, 719 F.2d 963, 965 (8th Cir.1983), *citing Portis v. Folk Construction Co., Inc.*, 694 F.2d 520 (8th Cir.1982). The burden is on the moving party to demonstrate that no genuine issue of material fact exists. This burden creates a procedural advantage for the nonmoving party, and ensures an opportunity to develop material facts through adversarial presentation to the trier of fact. Denial of summary judgment does not predict what the outcome of a case will be once the facts are developed. It simply indicates that genuine fact issues exist.

The situation changes once the parties agree to submit a case on the existing record. In doing so, they agree to have the facts determined by the court. The court is required to interpret the evidence in the record, apply the burden of proof, and render a decision regarding the facts and the law of the case. When the parties agreed to submit this case on the record developed at the hearing on the preliminary injunction and the report of the receiver, it became the District Court's duty to determine the facts. The fact that appellee did not adduce any additional evidence regarding Morse's intent is not dispositive. There was already sufficient evidence in the record to support the District Court's finding of intent to violate § 6b, as analyzed *supra,* and no error can be detected in that finding.

██ Morse's third argument on appeal is that the District Court abused its discretion in denying his request for payment of attorney fees out of the receivership estate. This argument is not well taken. The report of the receiver indicates that the funds remaining in the estate will not be sufficient to pay all the claims of defrauded customers. At oral argument, the attorneys agreed that a fund of only $42,000 remains to satisfy approximately $1,200,-000 worth of claims of disappointed investors. It would be inequitable to further deplete these funds to pay the attorneys retained by Morse in his attempt to avoid paying his customers. No abuse of discretion can be perceived in this decision of the District Court.

None of the alleged grounds constitute cause for reversal. Accordingly, we affirm the judgment of the District Court.